UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAURA CIERVO d/b/a BOOKKEEPING
LONG ISLAND,

                              Plaintiff,

            -against-

1A CONTRACTING, INC., DAVID DOERBECKER,
and ISABEL DOERBECKER,

                              Defendants.
-------------------------------------------------------------X

Case No.   19-cv-2676

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff LAURA CIERVO d/b/a BOOKKEEPING LONG ISLAND ("Plaintiff" or "Ciervo"), by and through her attorneys, BAKER GREENSPAN & BERNSTEIN, ESQS., complaining of: (i) 1A CONTRACTING, INC.; (ii) DAVID DOERBECKER; and (iii) ISABEL DOERBECKER (collectively, "Defendants"), alleges with personal knowledge, the following:

**INTRODUCTION**

1. This action is brought to remedy Defendants' various, intentional, and unlawful policies, patterns, and practices with respect to Plaintiff's employment[1] in violation of multiple sections of the: (i) Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and (ii) New York Labor Law ("NYLL").

2. As a result of the Defendants' failure to pay proper wages to Plaintiff, the Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL.

---

[1] In the event that the Court makes a legal conclusion that Plaintiff is an independent contractor and not an employee, Plaintiff has pleaded breach of contract and accounts stated claims.

1

3. Defendants have further willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including the Plaintiff.

4. Pursuant to the FLSA and NYLL, Plaintiff alleges that she is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid contractual funds/invoices; (3) liquidated damages; (4) statutory penalties; (5) pre-judgment and post-judgment interest; and (6) attorneys' fees and costs.

## THE PARTIES

5. Plaintiff Laura Ciervo d/b/a Bookkeeping Long Island resides in the County of Suffolk, State of New York.

6. At all relevant times, 1A Contracting has continuously been a New York domestic corporation doing business in the State of New York and in the county of Nassau, and has continuously had at least 15 employees.

7. At all relevant times, Defendant 1A Contracting has continuously been an employer within the meaning of 29 U.S.C. § 203, which has engaged in interstate commerce.

8. Defendant 1A Contracting is an enterprise engaged in interstate commerce[2] that has gross sales in excess of Five Hundred Thousand Dollars ($500,000.00) per year.

9. Defendant David Doerbecker is an individual domiciliary of the State of New York, county of Nassau, and an Owner, Principal, and/or Officer of 1A Contracting.

10. Defendant David Doerbecker acted intentionally and maliciously and is an employer pursuant to: (i) FLSA, 29 U.S.C. § 203(d), *et seq.*, and regulations promulgated thereunder; (ii) 29 C.F.R. § 791.2, *et seq.*, and the regulations thereunder; and (iii) NYLL § 2, *et*

---

[2] For example, upon information and belief, Defendants did some work in Connecticut and/or New Jersey, and one or more of Defendants' materials/supplies came from outside of New York.

*seq.*, and the regulations thereunder. Therefore, David Doerbecker is jointly and severally liable with 1A Contracting.

11. Defendant Isabel Doerbecker is an individual domiciliary of the State of New York, county of Nassau, and an Owner, Principal, and/or Officer of 1A Contracting.

12. Isabel Doerbecker is the wife of David Doerbecker.

13. Isabel Doerbecker acted intentionally and maliciously and is an employer pursuant to: (i) FLSA, 29 U.S.C. § 203(d), *et seq.*, and regulations promulgated thereunder; (ii) 29 C.F.R. § 791.2, *et seq.*, and the regulations thereunder; and (iii) NYLL § 2, *et seq.*, and the regulations thereunder. Therefore, Isabel Doerbecker is jointly and severally liable with David Doerbecker and 1A Contracting.

## JURISDICTION and VENUE

14. This Court has original federal question subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 as this action arises under the laws of the United States.

15. This Court has supplemental (pendent) jurisdiction over Plaintiff's New York State and/or common law claims pursuant to 28 U.S.C. § 1367(a).

16. The New York State and common law claims are inexorably related to, arise out of the same operative facts and circumstances as, and are a necessary, integral part of the federal claims, such that the federal claims and New York State and/or common law claims form part of the same case or controversy.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as events occurred in the Eastern District of New York, and Defendants' principal places of business and residences are all in the Eastern District of New York.

## FACTS

**1A Contracting's Background**

18. On September 29, 2011, 1A Contracting filed as a domestic business corporation in the State of New York.

19. 1A Contracting is a general contracting company that works on renovating residential properties in Nassau and Suffolk Counties, as well as purchasing them and flipping them for a profit.

20. David Doerbecker and Isabel Doerbecker are in charge of all major ownership and managerial areas of 1A Contracting, including the ultimate decisions with respect to hiring and firing workers, including Plaintiff, as well as determining their rates of pay, work schedules (including work hours and work days), type of work assigned, designated workload, and employment policies.

**Laura Ciervo's d/b/a Bookkeeping Long Island's Employment with 1A Contracting**

21. On or about June 7, 2018, Plaintiff began employment with Defendants, where she was hired to be a bookkeeper.

22. Defendants treated Plaintiff like an employee, including often asking her to do things that she was not hired to do, including secretarial/office work, such as making phone calls.

23. Alternatively, on or about June 7, 2018, Plaintiff began an independent contractor relationship with Defendants as a bookkeeper.

24. Plaintiff was supposed to be paid $60.00 per hour, at various hours per week, depending on Defendants' needs.

25. She worked and/or performing services for Defendants for approximately 9 months – until on or about March 1, 2019.

4

26. However, she was not paid a significant amount of the wages/payment she is owed. In this regard, Plaintiff was not paid for any of the following:

    a. About 16 hours for the week ending September 14, 2018;

    b. About 16.5 hours for the week ending September 21, 2018;

    c. About 15 hours for the week ending September 28, 2018;

    d. About 14 hours for the week ending October 5, 2018;

    e. About 12.5 hours for the week ending October 12, 2018;

    f. About 15 hours for the week ending October 19, 2018;

    g. About 23 hours for the week ending October 26, 2018;

    h. About 27 hours for the week ending November 2, 2018;

    i. About 6.5 hours for the week ending November 9, 2018;

    j. About 11.5 hours for the week ending November 16, 2018;

    k. About 7 hours for the week ending November 23, 2018;

    l. About 14 hours for the week ending November 30, 2018;

    m. About 13.75 hours for the week ending December 7, 2018;

    n. About 5.5 hours for the week ending December 14, 2018;

    o. About 14.25 hours for the week ending December 21, 2018;

    p. About 6.75 hours for the week ending December 28, 2018;

    q. About 4 hours for the week ending January 4, 2019;

    r. About 4.5 hours for the week ending January 18, 2019;

    s. About 5 hours for the week ending February 15, 2019; and

    t. About 6 hours for the week ending March 1, 2019.

27. Because the Defendants acted and operated interchangeably as principals, agents,

instrumentalities, and/or alter egos of one or more of them and/or each other, Plaintiff was effectively employed by all Defendants.

28. Plaintiff worked as an hourly employee throughout her employment by Defendants.

29. Alternatively, Plaintiff worked as an hourly independent contractor hired by Defendants.

30. Defendants intentionally failed to provide a written notice to Plaintiff on her first day of employment or at any time thereafter, in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime, if applicable.

31. Plaintiff continued to work up to and through on or about March 1, 2019, her final day.

32. Plaintiff provided Defendants with invoices/statements of her time worked. Copies of those invoices are annexed hereto as Ex. 1.

33. Defendants never objected to these invoices, and, in fact, on numerous occasions, gave Plaintiff checks for these invoices but told her she could not deposit or cash them because there were insufficient funds in the accounts. Copies of those checks are annexed hereto as Ex. 2.

34. On numerous occasions before and after her final day, Plaintiff demanded that Defendants provide her with payment, and Defendants either refused or promised to make payment but never did.

## FIRST CAUSE OF ACTION
### Violations of the Fair Labor Standards Act (FLSA)
### Unpaid Wages
### 29 U.S.C. § 201, et seq.
### (As Against all Defendants)

35. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

36. Defendants violated the FLSA when they refused to and/or failed to pay the Plaintiff her aforementioned earned salary/wages.

37. Defendants further violated the FLSA when they paid Plaintiff with payroll checks that bounced and/or could not be deposited (and Plaintiff was instructed not to deposit same) because there were insufficient funds in Defendant(s)' bank accounts for them to clear, and Defendants sometimes failed to reimburse same.

38. At all relevant times, Defendants had a policy and practice of refusing to pay the Plaintiff some or all of her salary and/or agreed upon compensation.

39. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid compensation, and in an additional equal amount as liquidated damages.

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff at her salary/agreed rate, and they knew or should have known that failing to do so would financially injure Plaintiff.

41. As a direct and proximate result of Defendants' unlawful conduct in violation of the FLSA, Plaintiff has suffered and continue to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for

which Plaintiff is entitled to an award of monetary damages and other relief, including attorneys' fees, statutory liquidated damages, and expenses.

42. The Defendants' unlawful actions in violation of the FLSA were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's legal rights, for which Plaintiff is entitled to an award of punitive or exemplary damages.

43. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, as well as liquidated damages, punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

**SECOND CAUSE OF ACTION**
**Violations of the New York Labor Law (NYLL)**
**Unpaid Wages**
**NYLL § 191 et seq.**
**(Pendent Jurisdiction)**
**(As Against all Defendants)**

44. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

45. At all relevant times, Defendants had a policy and practice of refusing to pay the Plaintiff some or all of her salary and/or agreed-upon compensation.

46. Defendants violated the NYLL when they refused to and/or failed to pay the Plaintiff her aforementioned earned salary/wages.

47. Defendants further violated the NYLL when they paid Plaintiff with payroll checks that bounced and/or could not be deposited (and Plaintiff was instructed not to deposit same) because there were insufficient funds in Defendant(s)' bank accounts for them to clear, and Defendants failed to reimburse same.

8

48. The NYLL provides that any employer who violates the provisions of NYLL shall be liable to the employees affected in the amount of their unpaid compensation, and in an additional equal amount as liquidated damages.

49. Defendants knowingly and willfully disregarded the provisions of the NYLL as evidenced by failing to compensate Plaintiff at her agreed salary/ rate, and they knew or should have known that failing to do so would financially injure Plaintiff.

50. As a direct and proximate result of Defendants' unlawful conduct in violation of the NYLL, Plaintiff has suffered and continue to suffer monetary and/or economic harm, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of monetary damages and other relief, including attorneys' fees, statutory liquidated damages, and expenses.

51. The Defendants' unlawful actions in violation of the NYLL were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's legal rights, for which Plaintiff is entitled to an award of punitive or exemplary damages.

52. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, as well as liquidated damages, punitive damages, costs, and attorneys' fees, and any other relief this Court may find just and proper.

### THIRD CAUSE OF ACTION
### Violation of New York Labor Law (NYLL)
### Time of Hire Wage Notice Requirement
### NYLL § 195 et seq.
### (Pendent Jurisdiction)
### (As Against all Defendants)

53. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

54. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

55. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on their first day of employment.

56. Defendants not only did not provide such notice to Plaintiff at the time of hiring, but also, Defendants failed to provide notice to Plaintiff even after the fact.

57. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL § 198(1-b).

## FOURTH CAUSE OF ACTION
### Breach of Contract
### (Pendent Jurisdiction)
### (As Against all Defendants)

58. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

59. Throughout the relevant period, Defendants hired Plaintiff as an independent contractor to perform bookkeeping services.

60. Defendants promised Plaintiff that they (Defendants) would pay Plaintiff for these contracted bookkeeping services.

61. Although Defendants occasionally paid Plaintiff for bookkeeping services, they refused to do so for many others.

62. The conduct of Defendants and the course of Defendants' conduct between the parties evidenced that a contract existed and the Defendants' intent for the Plaintiff to be paid for these services.

63. Plaintiff suffered for the sole benefit of the Defendants.

64. Defendants did not compensate Plaintiff for most of the contracted bookkeeping services.

65. Instead, Defendants gave Plaintiff checks and told her not to deposit them because there were no funds in the account.

66. As a result of the aforementioned conduct of the parties, a contract arose between them, the terms of which are that Plaintiff would perform contracted bookkeeping services in exchange for compensation from Defendants for such contracted bookkeeping services.

67. Plaintiff fully performed all requirements under the contract.

68. As a result, Defendants breached the contract by failing and refusing to pay Plaintiff under the aforementioned facts.

69. Defendants owe Plaintiff these for contracted bookkeeping services, which were made at Defendants' direction, for the benefit of Defendants, and with a promise of payment.

## **FIFTH CAUSE OF ACTION**
**Accounts Stated**
**(Pendent Jurisdiction)**
**(As Against all Defendants)**

70. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

71. Throughout the relevant period, Plaintiff presented Defendant(s) with weekly or semi-weekly invoices for her time worked, in the regular course of business.

72. Defendant(s) never objected to these invoices.

73. In fact, Defendant(s) provided Plaintiff with one or more checks shortly after receiving each invoice, but told Plaintiff not to deposit them because there were no funds in Defendant(s)' bank account.

74. Defendant(s), whether implicitly or explicitly, promised to pay these invoices, but never did.

75. Defendants are liable to Plaintiff for accounts stated and owe Plaintiff for the amounts on these invoices.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b) An injunction against Defendants from engaging in each of unlawful practices and policies set forth herein;

c) An award of wages due under the FLSA and the NYLL due Plaintiff, plus compensatory and liquidated damages in the amount of one hundred percent (100%) under the FLSA, NYLL, and/or NY Wage Theft Prevention Act;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages to Plaintiff pursuant to 29 U.S.C. § 216;

e) Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

f) Payment for contracted and performed services – payment which Plaintiff requested, services which Defendants requested and accepted;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages pursuant to the NYLL;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i) The costs and disbursements of this action;

j) An award of pre-judgment and post-judgment fees;

k) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Plaintiff hereby demands a trial by jury on issues of fact and damages stated in this Complaint, and on any amended complaint filed in this action and as allowed under the Constitution and laws of the United States and New York State law.

Dated: Bellmore, New York
May 7, 2019

                    Yours, etc.

By: _____/s/_____
Evan E. Richards, Esq.
BAKER GREENSPAN & BERNSTEIN, ESQS.
*Attorneys for Plaintiff*
2099 Bellmore Avenue
Bellmore, NY 11710
516-783-3300
516-783-3311 (fax)

To:

1A Contracting, Inc.
606 West Walnut St
Long Beach, New York, 11561

David Doerbecker
4140 Austin Boulevard, Unit G
Island Park, NY 11558

David Doerbecker
1815 Cynthia Lane
Merrick, NY 11566

Isabel Doerbecker
4140 Austin Boulevard, Unit G
Island Park, NY 11558

Isabel Doerbecker
1815 Cynthia Lane
Merrick, NY 11566